**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-mj-467 (ZMF)** |
| | : | |
| **KAROL J. CHWIESIUK,** | : | |
| | : | |
| Defendant. | : | |

<u>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY**</u>

The United States of America asks this Court to DENY AS MOOT defendant's Motion to Modify Conditions of Release (ECF No. 11) on the grounds that the condition of release that the defendant seeks to modify or remove—the requirement that the defendant surrender his Firearm Owner's Identification (FOID) card—is not currently a condition of his release. Accordingly, defendant's request for relief—presumably made under 18 U.S.C. § 3145(a)(2)—should be denied as moot.

The government emphasizes that although it believes that the Court should deny defendant's motion as moot, it has no objection to the defendant's request. The government is skeptical as to whether the surrender of the FOID card still exists as a condition of the defendant's release. As noted in the docket, the defendant was arrested, and his Initial Appearance in the Northern District of Illinois was held on June 11, 2021. ECF No. 5, 6. At that Initial Appearance, the government requested, and defense counsel agreed to certain conditions of release. ECF No. 11-1, pp. 7-8. The one condition the parties disagreed upon was whether the defendant would be allowed to possess firearms or have them in his shared family home. <u>Id.</u> at 8.

The magistrate judge heard first from the government (<u>Id.</u> at pp. 12-13) and then from defense (<u>Id.</u> at pp. 13-20) before issuing its decision to "require the condition that [the defendant]

not possess a firearm, destructive device, or other weapon." <u>Id.</u> at pp. 20-21. The magistrate judge justified its ruling by stating, "I need to do what the courts need to do to protect the community and assure appearance and enter a set of conditions that are appropriate and also that are fair to everybody." <u>Id.</u> at p. 20.

At the Initial Appearance in the Northern District of Illinois, the first to bring up the FOID card was defense counsel, Mr. Timothy M. Grace from Gottreich, Grace, and Thompson, who no longer represents the defendant. He represented to the Court, however, that he is "a Fraternal Order of Police attorney, so [he] kind of unfortunately know[s] a fair amount of these regulations." <u>Id.</u> at p. 14. The way Mr. Grace described the interplay between the ability to possess forearms, a FOID card, and the defendant's ability to remain employed as law enforcement in the State of Illinois was as follows:

> So once a court of competent jurisdiction, which this Court certainly is, makes a determination that a condition of his bond is that he cannot possess a firearm, he then puts himself into a position where he is not fit for duty. It wouldn't be any different, Judge, if he lost his driver's license. Okay? Because he cannot possess a firearm, because he cannot drive a vehicle, he is then not fit for duty.

<u>Id.</u> Ultimately, the magistrate judge agreed with defense counsel's syllogistic reasoning, because when Pretrial Services Officer Chapman asked the magistrate judge to add the condition that defendant surrender his FOID card, the judge agreed, and neither party objected. <u>Id.</u> at p. 22. The defendant stated that he understood that he would be required to relinquish his FOID card. <u>Id.</u> at p. 28.

When the case was transferred from the arresting jurisdiction, the Northern District of Illinois, to the prosecuting jurisdiction, the District of Columbia, the defendant had another Initial Appearance. Minute Entry from June 16, 2021. At that second Initial Appearance, the magistrate judge, Judge Faruqui, kept all the same conditions in place—to include not possessing a firearm,

2

destructive device, or other weapon. ECF. No. 8, p. 1. The government did not request, and Judge Faruqui did not include the requirement requested by PTS at the Initial Appearance in the Northern District of Illinois, specifically that defendant surrender his FOID card. It is presumably at this point, when the defendant's case was transferred to the District for the District of Columbia, that said condition was no longer part of the defendant's conditions of release. Similarly, the fifteen-thousand-dollar unsecured bond is no longer a part of the defendant's conditions of release. Although the arresting jurisdiction required it for the time that he was under their purview, once his Initial Appearance in the prosecuting jurisdiction took place, the only governing conditions of release were those explicitly imposed by Judge XX.    Those governing conditions did not include the unsecured bond and the surrender of the FOID card.

In his motion to this Court, Counsel for the defendant expressly avers that "Mr. Chwiesiuk does not seek to remove the conditions of bond directing that he may not possess a firearm nor have any firearms in his home." ECF No. 11, p. 2. He also notes that at some point since the initiation of this case, the Illinois State Police informed the defendant that his FOID card had been revoked. Id. It therefore appears that the defendant, should he wish to possess a FOID card, would need to reapply with the State of Illinois. Even if the defendant is successful in obtaining a FOID card, however, the existing conditions of release—which the defendant does not challenge—preclude him from possessing a firearm, destructive device, or other weapon, not even if his job requires it. ECF No. 12, p. 1. Whether or not the State of Illinois would issue a FOID card to someone who is at present legally prohibited from possessing a firearm is up to the State of Illinois. And whether the Chicago Police Department continues to employ a department member who has a FOID card but no legal right to possess a firearm would be up to that agency.

The government notes that the Employment Resource E01-17 provided by defense counsel

as an attachment to his motion includes the provision, "The Illinois State Police (ISP) is authorized to deny the application for or to revoke and seize a FOID card in accordance with the criteria delineated in 430 ILCS 65/8." ECF No. 11-3, p. 1. Under subsection (n) of section 8 (Grounds for denial and revocation), Illinois law states,

> The Department of State Police has authority to . . . revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that . . . the person to whom such card was issued is . . . A person who is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law.

https://www.ilga.gov/legislation/ilcs/fulltext.asp?DocName=043000650K8.

As previously stated, the government believes that defendant's motion should be denied as moot, but insofar as there remains a colorable request before the prosecuting jurisdiction, that being the District of Columbia, this motion for relief under 18 U.S.C. § 3145(a) would need to be considered under "de novo review by the Chief Judge." Local Crim. R. 59.3(b) (providing for "de novo review by the Chief Judge" of any order issued by a magistrate judge in an unassigned criminal case, including pretrial detention or release orders); see also United States v. Chrestman, --- F.Supp.3d ----, 21-MJ-218 (ZMF), 2021 WL 765662, at *6 (D.D.C. 2021) (Howell, C.J.). 18 U.S.C. § 3145(a) reads:

> If a person is ordered released by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> . . .
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

In Chrestman, Chief Judge Howell reviewed the uniform Court of Appeals decisions endorsing a de novo standard of review:

> For Court of Appeals decisions uniformly endorsing a de novo standard of review,

see <u>United States v. Cisneros</u>, 328 F.3d 610, 616 n.1 (10th Cir. 2003) ("The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is <u>de novo</u>."); <u>United States v. Kirkaldy</u>, 181 F.3d 83 tbl. (2d Cir. 1999) ("On a motion for revocation or amendment of the detention order, a district court should not simply defer to the judgment of the magistrate but reach its own independent conclusion." (internal quotation marks and citation omitted)); <u>United States v. Rueben</u>, 974 F.2d 580, 585–86 (5th Cir. 1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts <u>de novo</u> and must make an independent determination of the proper pretrial detention or conditions for release."); <u>United States v. Tortora</u>, 922 F.2d 880, 883 n.4 (1st Cir. 1990) ("We believe that the proper approach is for the district court to engage in <u>de novo</u> review of the contested order."); <u>United States v. Koenig</u>, 912 F.2d 1190, 1191 (9th Cir. 1990) (collecting cases and holding that the district court should conduct a <u>de novo</u> review of the magistrate judge's detention decision); <u>United States v. Clark</u>, 865 F.2d 1433, 1436 (4th Cir. 1989) ("A defendant ordered detained by a magistrate may seek <u>de novo</u> review in the district court."); <u>United States v. Maull</u>, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (stating that district court's review of magistrate judge's order setting bond was <u>de novo</u>); <u>United States v. Delker</u>, 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that district court did not err in reviewing <u>de novo</u> a magistrate judge's detention decision).

<u>Chrestman</u>, 2021 WL 765662, at *5.

Although never explicitly stated, it appears that defendant is making his motion under 18 U.S.C. § 3145(a)(2), which would thus trigger <u>de novo</u> review by Chief Judge Howell. However, since there is no dispute as to the fact that the current conditions of release <u>do not</u> call for the surrender of the defendant's FOID card and <u>do</u> prohibit the defendant from possessing any firearm, there is no issue to be reviewed <u>de novo</u>, and the motion should be denied on the filings.

WHEREFORE, the government hereby requests that this Court deny defendant's motion as moot since the conditions that defendant is seeking to modify are not part of his current conditions of release.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:  SEAN P. MURPHY
Assistant United States Attorney
D.C. Bar No. 1187821
Torre Chardon, Ste 1201
350 Carlos Chardon Ave
San Juan, PR 00918
787-766-5656
sean.murphy@usdoj.gov